THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK HALLOCK, JR., Defendant.

County Court, Chenango County, December 9, 1965.

*Frank Hallock, Jr.,* defendant in person.  *Patrick J. Joyce, District Attorney,* for plaintiff.

RICHARD J. BOOKHOUT, Acting County Judge.  Defendant, currently under sentence for a subsequent felony from Onondaga County, brings a petition for a writ of error *coram nobis* attacking his conviction in Chenango County Court on January 7, 1948 upon his guilty plea, without counsel, to an indictment charging grand larceny, second degree, involving automobile theft.

In addition to other complaints which are supported by no factual allegations sufficient to raise an issue, he alleges that he was not properly advised as to his rights to counsel and specifically to assignment of counsel without charge.  Section 308 of the Code of Criminal Procedure was amended by chapter 878 of the Laws of 1965 to change the manner in which a defendant appearing for arraignment must be advised of his right to counsel.  This chapter also established procedures for making assigned counsel available at public expense to indigent persons charged with any crime, and also revised the statutory requirement of advice of rights to be given by Magistrates in courts of inferior jurisdiction.  (Code Crim. Pro., § 699.)  The adoption of these amendments followed a series of decisions in this State questioning compliance with the constitutional guarantee of the aid of counsel in obtaining waiver of counsel by defendants in Courts of Special Sessions after advice which implied that the defendant had the burden of " sending for " or obtaining his own counsel.  (*People* v. *Marincic,* 2 N Y 2d 181; *People* v. *Shenandoah,* 9 N Y 2d 75; *People* v. *Witenski,* 15 N Y 2d 392.)

Each of these opinions expressed disapproval of the perfunctory performance of the arraignment, and the implications (per-

haps resulting from the language of section 699 itself) that although the defendants had the right to counsel, they had the burden of providing their own.

Section 308, applicable to the County Courts, was not subject to the same constitutional vice, as it required only that the defendant first be asked if he desired the aid of counsel, and if so the court must assign counsel. The recent amendment of this statute has not retroactively enlarged the constitutional rights of convicted felons.

The statute required advice in the manner given and the Constitution requires only that any waiver of counsel be made understandingly and intelligently.

Defendant was convicted with due process of law.

The arraignment of this defendant was held at a regular term of the Chenango County Court in the presence of the Judge, Deputy Clerk and District Attorney upon an indictment charging a crime alleged to have been committed a month and a half previously. The advice was given clearly and unequivocally, and in accordance with the statute then in force. The waiver of counsel was likewise made clearly and unequivocally and, at the time, apparently intelligently.

This is conclusively established by the transcript of proceedings following the reading of the indictment:

" Court: Do you have a lawyer? D.: No sir.

" Court: You are entitled to a lawyer — entitled to a jury trial, if you wish — either or both. D.: I don't want a lawyer.

" Court: You are entitled to a jury trial. D.: No sir.

" Court: Do you want to plead to the indictment — Guilty or Not Guilty? D.: Guilty, Your Honor.

\* \* \*

" Court: What do you say for yourself, Mr. Hallock? D.: I guess I haven't much to say, Your Honor.

" Court: This is the time to talk, if you wish to say anything. D.: No sir."

There is no indication from the transcript of any other proceedings off the record.

The application for a writ of error *coram nobis* and for a hearing is denied in all respects.